IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDUARDO FIGUEROA-NEGRON,

    Plaintiff,
v.                                      CASE NO. 5:16-cv-164-LC-GRJ

S. VILCHEZ, M.D.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently confined at Gulf Correctional Institution, initiated this case by filing a handwritten civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff failed to either pay the $400.00 civil rights filing fee or file a motion for leave to proceed as a pauper. For the reasons discussed below, it is respectfully **RECOMMENDED** that this case be dismissed without requiring Plaintiff to correct this deficiencies because he is subject to the 28 U.S.C. § 1915(g) three-strikes bar.

The Complaint alleges that the medical director at Gulf C.I., Dr. Vilchez, violated Plaintiff's constitutional rights by failing to provide Plaintiff with pain medication previously prescribed by a different physician. Plaintiff's allegations, and the administrative remedy documents attached to the Complaint, reflect that Plaintiff complained to prison officials,

including Dr. Vilchez, about his medical care during July through September 2015. Dr. Vilchez determined that Plaintiff's complaints could be treated with over-the-counter medication and his grievances were denied. *See* ECF No. 1.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915 (the *in forma pauperis* statute):

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is commonly known as the PLRA's "three strikes" rule. "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger. *Miller v. Donald*, 541 F.3d 1091, 1095 (11th Cir. 2008); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g) three strikes rule. Plaintiff previously filed at least three cases or appeals which were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Figueroa-Negron v. Colonel Lugo,* Case No.

1:16-cv-20227-DPG, ECF No. 6 (S.D. Fla. 2/4/16) (dismissing case pursuant to the three strikes bar and recounting seven prior cases that qualify as "strikes," all of which were filed before the instant case).  The Court has confirmed that the Plaintiff in this case and in the prior cases qualifying as strikes is the same, having DOC inmate number  No. T65929.  This Court has previously applied the three-strikes bar against Plaintiff in a case raising nearly identical claims.  *See Figueroa-Negron v. Vilchez*, Case No. 5:16-cv-61-MP-GRJ, ECF No. 16 (5/11/16).

   Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of

harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

    Plaintiff's allegations in the instant Complaint do not suggest that he can satisfy the "imminent danger" exception to the three-strikes bar. His allegations patently fail to state a claim for deliberate indifference. Assuming that Plaintiff's condition amounted to a serious medical need under the Eighth Amendment, he has failed to show that Defendant was deliberately indifferent to his needs. Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th

Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle v. Gamble*, 429 U.S. 97, 107 (1976)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim."). Plaintiff's allegations at most reflect a disagreement over the proper treatment for his complaints.

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234,

1236 (11th Cir. 2002).

It is therefore respectfully **RECOMMENDED** that this case should be dismissed without prejudice pursuant to the 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS**, at Gainesville, Florida, this 20th day of June 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**